**RECEIVED**

OCT - 6 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARCUS D. STEELE | CIVIL ACTION NO. 6:10-cv-1788 |
| LA. DOC #562510 | |
| | |
| VERSUS | JUDGE DOHERTY |
| | |
| ST. MARTIN PARISH SHERIFF'S | MAGISTRATE JUDGE HANNA |
| DEPARTMENT, ET AL. | |

## JUDGMENT

Currently pending before this Court is a Report and Recommendation of the Magistrate Judge, recommending "that plaintiff's civil rights complaint be dismissed with prejudice as frivolous and for failing to state a claim on which relief may be granted"[1], as well as plaintiff's objections to the Report and Recommendation.

In plaintiff's objections, he complains for the first time that he was required to sleep on the floor without any bedding *from November 2008 until March 2010*.[2] The Court notes plaintiff was twice ordered by the Magistrate Judge to amend his complaint and provide the foregoing italicized information regarding this claim[3]; however, plaintiff failed to do so until he filed this objection. Regardless of the timeliness of plaintiff's claim, as noted in the Report and Recommendation, plaintiff has alleged only *de minimis* injuries as a result of that circumstance, and he therefore is not

---

[1]Doc. 11, p.18 (emphasis omitted)

[2]Doc. 12, p.2

[3]Doc. 5, p.2; Doc. 8, pp. 4-5

1

entitled to relief.  *See e.g.* Duvall v. Dallas County, Tex., 631 F.3d 203, 208 (5th Cir. 2011)[4]; Siglar

v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

Plaintiff additionally implies in his objection that he is entitled to equitable tolling on his

"access to courts" claim, because he had no access to "legal aid" until May 2010.  Plaintiff's "access

to courts" claim was not asserted in any fashion until the filing of plaintiff's first amended

complaint.  Thereafter, the Magistrate Judge again ordered plaintiff to amend his complaint and

provide specific information regarding that claim, as well as others.  With regard to plaintiff's

"access to courts" claim, the Magistrate Judge ordered as follows:

> With regard to his access to court claim, he has not alleged when this
> occurred. He has not alleged whether he was represented by retained counsel or
> court-appointed counsel during the time he was denied access to the law library, and
> he has not alleged how he was prejudiced by being denied access to the law library.
>
> . . . .
>
> Accordingly:
>
> **IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days
> of the filing of this order and provide **ALL OF THE INFORMATION
> MENTIONED HEREIN**, including the relevant dates for **EACH** incident and a
> detailed description of the injury, harm, or prejudice he suffered as a result of **EACH**

---

[4]In Duvall, the Court held a pretrial detainee must show the purportedly unconstitutional
condition of confinement is more than a *de minimus* violation:

> The *de minimis* exception provides a significant threshold to liability:
>
>> [I]solated examples of illness, injury, or even death, standing alone,
>> cannot prove that conditions of confinement are constitutionally
>> inadequate. Nor can the incidence of diseases or infection, standing
>> alone, imply unconstitutional confinement conditions, since any densely
>> populated residence may be subject to outbreaks .... Rather, a detainee
>> challenging jail conditions must demonstrate a pervasive pattern of
>> serious deficiencies in providing for his basic human needs.

Duvall at 208 (quoting Sheppard v. Dallas County, 631 F.3d445, 454 (5th Cir. 2009).

incident.[5]

While plaintiff did file a second amended complaint, he neglected to provide any further information regarding his "access to courts" claim.

In the pending objection, plaintiff provides the following information with regard to this claim:

> If you check your records I stated in my initial filing papers that the action I wanted to take place was for the people whom [sic] were responcible [sic] for the wrong doing to me to be held responcible and to be terminated for good so that no other persons would ever have to go through what I went through ie . . . not having the ability to access law books and other legal materials. . . . Now when it comes to me filing on these issues I didn't get to send any of this out while I was in the care of the St. Martin parish jail because I didn't have the ability to do so, I had no access to any legal aid until I got to Rayburn Correctional Center in May of 2010. . . ."[6]

The foregoing information is insufficient to comply with the very specific orders of the Magistrate Judge.  Moreover, as noted by the Magistrate Judge, "[p]laintiff has not shown how his ability to prepare and transmit legal documents was in any way been [sic] **inhibited by the defendants**," and "plaintiff has not **shown prejudice resulting from the deficiencies in the law library**."[7]

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record;

**IT IS ORDERED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivoulous and for failing to state a claim for which relief might be granted in

---

[5]Doc. 8, p.5 (emphasis in original)

[6]Doc. 12, pp.1-2

[7]Doc. 11, p.17 (emphasis added)

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this ___6___ day of

October, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4